UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-10062-DPW

LINCOLN E. SMITH,
    Plaintiff,

v.

CITY OF BOSTON, BOSTON
INSPECTIONAL SERVICES, AND
KEVIN JOYCE (AS
COMMISSIONER, DEPARTMENT
OF INSPECTIONAL SERVICES,
AND INDIVIDUALLY),
    Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, CITY OF BOSTON'S MOTION FOR SUMMARY JUDGMENT.

INTRODUCTION

    Defendant, City of Boston/Boston Inspectional Services[1] incorporates by reference the facts set forth in its *Local Rule 56.1 Statement of Facts*.

    The Plaintiff's Complaint directed five counts against the City, asserting causes of action for:

    1. violation of his civil rights pursuant to 42 U.S.C. §1983 and G.L. c. 12, §11I (the Massachusetts Civil Rights Act);

    2. slander;

    3. libel;

    4. intentional infliction of emotional distress; and,

    5. negligent infliction of emotional distress.

---

[1] Hereinafter, "the City."

The counts for slander, libel and intentional infliction of emotional distress were dismissed against the City by Order of this Court dated February 11, 2003. The City now seeks summary judgment on the two remaining counts (for violation of the Plaintiff's civil rights and for negligent infliction of emotional distress).

APPLICABLE STANDARD

Pursuant to Fed. R. Civ. P. 56(b) "[a] party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." If the defendant's "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact," the defendant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Pure Distrib., Inc. v. Baker, 285 F.3d 150 (1st Cir. 2002).

Summary judgment is appropriate when a plaintiff fails to show sufficient evidence to establish an essential element of his case, on which he bears the burden of proof at trial. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805-06 (1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). "Once the movant avers an absence of evidence to support the nonmoving party's case, the latter must adduce specific facts establishing the existence of at least one issue that is both 'genuine' and 'material.'" Sheinkopf v. Stone, 927 F.2d 1259, 1261 (1st Cir. 1991) (quoting Celotex, 477 U.S. at 325; Anderson, 477 U.S. at 248; and cases cited). Here, as described

below, the Plaintiff cannot adduce specific facts establishing one issue that is both genuine and material and the City is therefore entitled to judgment as a matter of law.

**ARGUMENT**

1. **The City Cannot Be Liable To The Plaintiff Under The Massachusetts Civil Rights Act Because It Is Not A 'Person' Within The Meaning Of That Statute.**

The Plaintiff has alleged, and the City of Boston admits, that the City of Boston is a municipality incorporated in Suffolk County, Massachusetts. Count I of the Plaintiff's Complaint alleges *inter alia* a violation by the City of Boston of the Massachusetts Civil Rights Act (hereinafter, "the M.C.R.A."), pursuant to G.L. c. 12, § 11I. The M.C.R.A. provides for a cause of action:

> "Whenever <u>any person or persons</u>, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth..." G.L. c. 12, § H (emphasis added).

The City of Boston cannot be held liable under the M.C.R.A. because a municipality is not a "person" covered by the statute. Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 591-592 (2001).

> "By the terms of G.L. c. 4, § 7, its definitions govern the construction of statutes unless a contrary intention clearly appears, and here there is no indication in the MCRA that the word 'person' includes either the Commonwealth or any of its political subdivisions." Howcroft, 51 Mass.App.Ct. at 591-592.

3

Because the City is not a person for purposes of the M.C.R.A., judgment should enter for the City on the Plaintiff's civil rights claim to the extent it is based upon that statute.

2. **The Plaintiff Cannot Make A Showing Of A Violation Of His Constitutional Rights Caused By A Municipal Custom, Policy Or Practice.**

   a. <u>Nature of Municipal Section 1983 Liability</u>

"The doctrine of *respondeat superior* is not a basis for rendering municipalities liable under § 1983 for the constitutional torts of their employees." Monell v. New York Dept. of Social Services, 436 U.S. 658, 665 n.7 (1978). It is only when the "execution of the government's policy or custom. . . inflicts the injury" that a municipality may be held liable under 42 U.S.C. § 1983. See Springfield v. Kibbe, 480 U.S. 257, 267 (1987). The burden is on the Plaintiff to identify a municipal policy or custom that caused his injury. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Brown, 520 U.S. at 403-04. A "policy" giving rise to liability cannot be established merely by identifying a policymaker's conduct that is properly attributable to the municipality. Id. at 397.

The Plaintiff must also demonstrate that, through its deliberate conduct, the City was the moving force behind any alleged injury. See Harris, 489 U.S. at 397 (citing Monell, 436 U.S. at 694). To prove

4

that a custom or policy is the "moving force" behind the alleged injury, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the injury. See <u>Brown</u>, 520 U.S. at 406-07. Thus, the Plaintiff here must show that the City's was culpable for any actions taken and that there is a direct causal link between any such action and the Plaintiff's injury.

    b. <u>**The Record In This Case Concerns No Evidence Of A Municipal Custom Policy or Practice Which Was The Moving Force Behind Plaintiff's Injuries**</u>.

        1. **Written discovery**

The Plaintiff in this case is unable failed to identify a municipal policy or custom which deprived him of a constitutional right. In responding to discovery, the Plaintiff failed to identify such a municipal policy, or any policymaker, when asked. In its Interrogatory Number eighteen, the City asked the plaintiff to identify the municipal policy upon which his civil rights claim against the city is based:

> <u>Q 18</u>: Please set forth in full and complete detail the basis for your claim, if any, that the Defendant City of Boston promulgated a policy that deprived the Plaintiff of his constitutional rights."
>
> <u>A 18</u>: Mr. Smith objects to this interrogatory as seeking information protected by the attorney client privilege and by the attorney work product doctrine. Furthermore, this question calls for a legal conclusion, which requires no response. The objections notwithstanding, see response to Interrogatories N#7 and #8." (<u>see</u> *Defendant's Local Rule 56 Statement of Facts, Exhibit J*).

5

The Plaintiff does not answer the City's inquiry, but incorporates answers to two previous interrogatories, neither of which gives an answer which could support liability.

Interrogatory Number Eight and its corresponding answer concerned allegedly libelous conduct committed in July, 1998. Conduct committed in 1998 cannot form the basis for Section 1983 liability in this case (or indeed under any cause of action), since the three-year statute of limitations had run prior to the filing of this lawsuit in December, 2002. In Section 1983 actions, federal courts apply the state statute of limitations governing actions for personal injury. Albright v. Oliver, 510 U.S. 266, 280 (1994). In Massachusetts, the statute of limitations for personal injury actions is three years. G.L. ch. 260, §2A.

The other interrogatory to which the Plaintiff points to as evidence of a relevant municipal custom, policy or practice is Interrogatory Number Seven, which concerned the Plaintiff's libel claim:

> "Q 7: Please set forth in full and complete detail the factual basis for the allegation in paragraph fourteen of the Plaintiff's Complaint that claims against the Plaintiff were manufactured in furtherance of a campaign to publicly humiliate and embarrass the Plaintiff and to drive the Plaintiff out of business.
>
> A 7: The defendants falsified documents, refused to clear Mr. Smith of minor violations despite the fact they were remedied and gave no explanation as to what the status of those violations were; the defendants knowingly provided false information to the press, required that all communications surrounding Mr. Smith go through Mr. Joyce's office, and openly threatened to discriminate against Mr. Smith. Furthermore, the City of Boston included Mr. Smith on the 1998 list of worst landlords and the plaintiff was wrongfully the target of an excessive amount of inspections intended only to

6

be retaliatory and harassing in nature." (see *Defendant's Local Rule 56 Statement of Facts, Exhibit J*).

Even if the allegations contained in this answer were true (which the City denies), none of them can form the basis of municipal Section 1983 liability. The answer identifies no municipal custom, policy or practice indicative of any conduct aside from that alleged to have been directed against the Plaintiff himself. Nor has the Plaintiff identified any individual actor who engaged in the described conduct. Without that analysis, it is impossible to determine whether the actors were "policymakers" whose conduct might be said to constitute municipal action. See Brown, 520 U.S. at 397, 403-04.

Moreover, the Plaintiff conducted no written discovery on this point, sought no City policy materials, and directed no interrogatories to this topic (other than requesting a list of cases in which Defendant Joyce was a defendant). The mere fact that the City and/or Defendant Joyce have been defendants in lawsuits brought by other landlords does not itself demonstrate an unconstitutional municipal policy which was the moving force behind injury to this plaintiff.

### 2. Deposition Testimony

Likewise, nothing in any of the depositions taken in the case supports the conclusion that the Plaintiff's constitutional rights were violated at all, much less violated as a result of any municipal custom, policy or practice. The Plaintiff conceded in his deposition that he has no reason to believe that any of the violations for which he was cited on December 20, 2000, December 23, 2000, or December 27,

7

2000, were inaccurate. See City of Boston's *Local Rule 56.1 Statement of Facts* at pp. 2-4. The Inspectional Services employees described in their depositions the policies governing inspection, re-inspection whenever violations are not rectified in the required timeframe, and the handling of multiple violations by providing to the property owner a comprehensive "NOV" packet. See, e.g. City of Boston's *Local Rule 56.1 Statement of Facts* at p. 3. The policies described were adhered to in the handling of the Plaintiff's case. None of the exceedingly minor irregularities alleged by the Plaintiff, which he characterizes as recordkeeping issues (Exhibit A, *Plaintiff's deposition* at p. 205, lines 13-22), including incorrect notations on forms as to apartment numbers, or the fact that one document was signed by a subordinate in a supervisor's name, with the subordinate's initials (which the Plaintiff concedes did not cause him any actual confusion (see e.g., Exhibit A, *Plaintiff's deposition* at p. 127, line 16 - p. 128, line 15; p. 20, line 9 - p. 206, line 2)), amount to a municipal custom, policy or practice which was the moving force behind a constitutional violation.

   3. **A Negligence Claim Against The City Stemming From Its Employees' Enforcement Of Health And Sanitary Codes, In The Exercise Of Due Care, Is Barred By The Massachusetts Tort Claims Act, G.L. c. 258, § 10(a).**

The Plaintiff's claim of negligent infliction of emotional distress is governed by the Massachusetts Torts Claims Act, G.L. c. 258.

G.L. c. 258, § 2 provides, in relevant part:

"[p]ublic employers shall be liable for injury or loss of property or personal injury or death caused by the negligent

or wrongful act or omission of any public employee while
acting within the scope of his office or employment..."

The Tort Claims Act is an abrogation of the common-law doctrine of governmental immunity and it removed the defense of immunity in certain tort actions against public employers, but did not create any new theories of liability against municipalities. Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 285 (1985), *citing* Dinsky v. Framingham, 386 Mass. 801, 804 (1982).

G.L. c. 258, §1, defines the term " public employer" as "the commonwealth and any county, city, town, educational collaborative, or district..." The Plaintiff's Complaint alleges -- and the City of Boston admits—that the City is a municipality within the Commonwealth of Massachusetts.

G.L. c. 258, §2 provides, "[t]he remedies provided by this chapter shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the public employer..."

G.L. c. 258, § 10 identifies certain categories of claims for which a Plaintiff may not recover against a municipality. It states in relevant part:

> "The provisions of sections one to eight, inclusive, shall not apply to: (a) any claim based upon an act or omission of a public employee when such employee is exercising due care in the execution of any statute or any regulation of a public employer, or any municipal ordinance or by-law, whether or not such statute, regulation, ordinance or by-law is valid."

For example, in Donohue v. Commonwealth, 1994 Mass. Super. LEXIS 674 (1994), the Superior Court found that where state troopers executed a search warrant on an incorrect address, the plaintiff's claim was

barred by G.L. c. 258, § 10(a) because the Commonwealth's employees were carrying out statutory provisions. The Court found that there was no genuine dispute as to a material issue concerning the officers' exercise of due care--even though the plaintiff alleged that the officers were negligent in not noticing her name on the mailbox--because the officers were entitled to rely on a warrant that was valid on its face, and the troopers had no duty to make inquiry as to the validity of the facts upon which the warrant was based. Id., at 7-8, citing Morrill v. Hamel, 337 Mass. 83, 85-87 (1958).

Similarly, in this case the Plaintiff has conceded that he has no information suggesting that any of the sanitary and building code violations for which he was cited on December 20, 2000, December 23, 2000, or December 27, 2000, were inaccurate. See City of Boston's *Local Rule 56.1 Statement of Facts* at pp. 2-4. The negligent conduct he alleges, then, can only be said to have occurred subsequent to those violations. The City's inspectors were working within the authority granted them under Ch. 1, § 400:200B of the Commonwealth's Sanitary Code (as noted on Exhibits D,E). All City employees involved in the further disposition of the Plaintiff's case were entitled to rely upon the inspectors' determinations of violations (or upon re-inspection reports, where applicable), and had no duty to make independent inquiries concerning the facts surrounding the Plaintiff's violations.

**CONCLUSION**

WHEREFORE, the Defendant, City of Boston, moves this Honorable Court to grant summary judgment in its favor on all counts of Plaintiff's Complaint remaining against it, with prejudice.

                    Respectfully submitted,
                    DEFENDANT, CITY OF BOSTON,

                    Merita A. Hopkins
                    Corporation Counsel

                    By its attorney:

                    _____
                    James M. Chernetsky
                    Assistant Corporation Counsel
                    City of Boston Law Department
                    Room 615, City Hall
                    Boston, MA 02201
                    (617) 635-4048
                    BBO# 638152