UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-10062-DPW

LINCOLN E. SMITH,
    Plaintiff,

v.

CITY OF BOSTON, BOSTON INSPECTIONAL SERVICES, AND KEVIN JOYCE (AS COMMISSIONER, DEPARTMENT OF INSPECTIONAL SERVICES, AND INDIVIDUALLY),
    Defendants.

## DEFENDANT CITY OF BOSTON'S AND KEVIN JOYCE'S LOCAL RULE 56.1 STATEMENT OF FACTS.

Pursuant to Fed. R. Civ. P. 56, the Defendant, City of Boston ("City"), hereby moves this Honorable Court to dismiss this action by summary judgment. As grounds for this motion, the City submits the attached Memorandum of Law and states the following:

Facts Concerning Plaintiff's Employment with the City and Previous Litigation Arising Therefrom

The Plaintiff is currently employed by the Defendant, City of Boston, as an Assistant Director of Research. Exhibit A, *Plaintiff's deposition* at p. 11, line 23

Between 1982 and 1986, the Plaintiff was employed in personnel management within the City of Boston's training department. Exhibit A, *Plaintiff's deposition* at p. 10, lines 12-22.

The Plaintiff was terminated from his position in personnel management with the City in 1986, and that termination led to litigation against the City and the personnel director. Exhibit

A, *Plaintiff's deposition* at p. 10, line 21 - p. 11, line 3; p. 12, lines 20-24.

The City prevailed in the litigation arising from the Plaintiff's termination, but the Plaintiff prevailed against the personnel director personally. Exhibit A, *Plaintiff's deposition* at p. 15, line 14 - p. 16, line 4

The Plaintiff was represented in his litigation against the City by Regina Quinlan, with whom he had a subsequent fee dispute, and against whom he made a complaint to the Board of Bar Overseers for her handling of his case. Exhibit A, *Plaintiff's deposition* at p. 33, line 23 - p. 37, line 15.

Defendant Joyce was once employed as an Associate Attorney by Regina Quinlan. Exhibit B, *Defendant Joyce's deposition* at p. 30, lines 13-17; p. 8, lines 10-12.

Facts Concerning The Plaintiff's Properties

The Plaintiff owns properties within the City of Boston at 6 Willis Street and 11 Newport Street. He resides in a triple-decker at 6 Willis Street and rents the remaining two apartments to tenants. Exhibit A, *Plaintiff's deposition* at p. 20, lines 10 - p. 21, line 21

Facts Concerning Violations Noticed On December, 20, 2000, at 11 Newport Street Apt. #3 (tenant Palmira Williams)

On December 20, 2000, ISD Inspector Evangeline Davis inspected 11 Newport Street Apt. #3, following a complaint by the tenant, Palmira Williams. Exhibit C, *Evangeline Davis deposition*, at p. 44, lines 10-15.

Inspector Davis wrote a 'Notice of Violation' for 11 Newport Street, Apt. # 3, on December 20, 2000, detailing violations for a leaking bathroom sink, a dampness problem and gnat infestation in the middle bedroom, and a damaged ceiling in the middle bedroom. *See Exhibit D*.

The Plaintiff possesses no information that these violations did not, in fact, exist as described by Inspector Davis. Exhibit A, *Plaintiff's deposition* at p. 96, line 2 - p. 97, line 9; p. 98, line 14 - p. 99, line 11.

Facts Concerning Events of December, 2000, at 11 Newport Street Apt. #1 (tenant Elizabeth O'Shea)

On December 23, 2000, the tenant at 11 Newport Street, Apt. #1, or one of her family members complained to the City that she had no heat. Exhibit A, *Plaintiff's deposition* at p. 72, line 22; Exhibit G, *Stephen O'Donnell Deposition*, p. 9, lines 19-25.

Inspectional Services procedure is that when a no heat complaint comes in, an inspector goes to the site, determines if code has been violated, and if so, writes up a notice of violation. If the issue is addressed, the violation is dismissed. If the issue is not addressed, there is a re-inspection. Exhibit B, *Defendant Joyce's deposition* at p. 20, line 6 - p. 23, line 3.

Inspectional Services inspectors enforce the Sanitary Code, and the Commissioner relies upon their judgment and discretion in carrying out their jobs. Exhibit B, *Defendant Joyce's deposition* at p. 39, lines 1-19.

In 2000, where there were multiple violations on one property, those would be coordinated through the commissioners office so that the property owner received a comprehensive package (an NOV packet), rather than piecemeal from separate divisions of ISD. Exhibit B, *Defendant Joyce's deposition* at p. 56, lines 1-13; Exhibit F, *John Dorsey's deposition* at p. 37, lines 3-11; p. 39, lines 5-12.

Multiple violations in an NOV packet are closed out collectively when all complaints are resolved. *Defendant Joyce's deposition* p. 60, line 9 - p. 62, line 24.

On December 23, 2000, ISD inspector Leslie Christos wrote a 'Notice of Violation' for the lack of heat at 11 Newport Street Apt. #1, indicating that the furnace was not properly maintained and was shut down by the fire department due to soot buildup. The notice also indicated that soot had built up in vents, the bathroom, the living room and the right bedroom. See Exhibit E; Exhibit A, *Plaintiff's deposition* at p. 82, line 20 - p. 83, line 6.

The Plaintiff's contractor told him that the furnace needed to be replaced, and the Plaintiff concedes that the heating system was not working. Exhibit A, *Plaintiff's deposition* at p. 88, lines. 4-5; p. 83, lines 19-22.

The December 23, 2000, Notice of Violation states that the problem was to be remedied within 24 hours. See Exhibit E

The state sanitary code provides that a no-heat complaint is an emergency situation, required to be resolved within 24 hours. Exhibit C, *Evangeline Davis' deposition* at p. 13, lines 2-17; Exhibit B, *Defendant Joyce's deposition* at p. 22, lines 7-16.

Tenant O'Shea did not want space heaters placed in the apartment as a temporary solution because she planned to be away from the apartment. Exhibit G, *Stephen O'Donnell deposition*, p. 11, line 23 – p. 12 line 4 p. 13, line 22 – p. 14, line 3.

ISD has no power to force a tenant to accept a temporary solution of space heaters. Exhibit G, *Stephen O'Donnell Deposition*, p. 25, lines 4-10.

At the expiration of the time allotted to remedy violations, the property is re-inspected. Exhibit C, *Evangeline Davis deposition* at p. 13, line 22 – p. 14, line 6.

Inspector Davis re-inspected for the no-heat complaint on December 26, 2000. Exhibit G, *Stephen O'Donnell Deposition*, p. 26, line 19 – p. 27, line 14.

The sanitary code provides no exemptions from timeframes for remedying complaints because of holidays or weekends. Exhibit F, *John Dorsey's deposition* at p. 37, lines 3-11; p. 28, line 16 – p. 29 – line 3.

The requirement of making repairs for a 24 hour no-heat violation is also not affected by the absence of the tenants or by the provision of temporary solutions such as space heaters. Exhibit G, *Stephen O'Donnell Deposition*, p. 14, lines 10-19.


Facts Relating to Events of December 27, 2000

The heating problem at 11 Newport Street Apt. #1 remained unresolved as of December 27, 2000. Exhibit A, *Plaintiff's deposition* at p. 102, line 8 – p. 104, line 6; Exhibit F, *John Dorsey's deposition* at p. 12, line 21 – p. 13, line 7; p. 14, line 21 – p. 15, line 2.

ISD Inspector Toney Jones wrote a Notice Of Violation for 11 Newport Street, Apt. #1 on December 27, 2000. See Exhibit H.

The Plaintiff concedes that the violations written on December 27, 2000, were accurate. Exhibit A, *Plaintiff's deposition* at p. 124, line 7 – p. 125, line 3.

The Plaintiff received an "NOV packet" for multiple violations from different ISD units on December 28, 2000. Exhibit I; Exhibit B, *Defendant Joyce's deposition*, p. 57, line 1 – p. 59, line 19.

Defendant Joyce has personally been on the scene of code violations hundreds of times during his tenure as ISD Commissioner. Exhibit B, *Defendant Joyce's deposition* at p. 27, lines 2-5.

ISD Assistant Director of Housing O'Donnell has seen Defendant Joyce on a property site approximately twenty times since he became ISD Commissioner. Exhibit G, *Stephen O'Donnell Deposition*, p. 19, lines 8-14.

Defendant Joyce was at 11 Newport Street on December 27, 2000, because his inspectors had not succeeded in resolving the no heat situation, and because he was concerned that his inspectors were intimidated by Mr. Smith because he was employed by the City. Exhibit B, *Defendant Joyce's deposition* at p. 33, lines 2 – p. 35 line 8.

ISD and City involvement with events which transpired between the Plaintiff and his tenant Palmira Williams during 2001 are not part of the Plaintiff's theory of liability in this lawsuit. Exhibit A, *Plaintiff's deposition* at p. 177, line 14 – p. 178, line 6.

Facts Concerning Media Coverage of The Plaintiff

Defendant Joyce was not the Commissioner of IAD in July, 1998, when the Boston Globe published a list of 'worst landlords.' (Exhibit A, *Plaintiff's deposition* at p. 190, lines 3-18; Exhibit B, *Defendant Joyce's deposition* at p. 5, lines 14-17.

In December of 2000, John Dorsey was employed by the City's ISD department working on policy matters and dealing with the media. Exhibit F, *John Dorsey's deposition* at p. 10, lines 8 – 20; Exhibit G, *Stephen O'Donnell Deposition*, p. 19, line 16 – p. 20, line 6.

One of the most frequent requests from the media to ISD during the wintertime is to be alerted to 'no heat' situations. Exhibit F, *John Dorsey's deposition* at p. 6 line 5 – p. 7, line 24.

In the course of his duties, John Dorsey visited properties to deal with media, sometimes at the request of inspectors, sometimes at the request of Defendant Joyce. Exhibit F, *John Dorsey's deposition* at p. 8 line 10 – p. 9, line 2.

John Dorsey handled the media related to the Plaintiff. *Defendant Joyce's deposition* at p. 69, lines 1-24; Exhibit A, *Plaintiff's deposition* at p. 163, lines 12-19.

5

Defendant Joyce does not personally deal with the media, but leaves this to the discretion of subordinates whose job this is. *Defendant Joyce's deposition* at p. 70, line 1 - p. 71, line 22; Exhibit F, *John Dorsey's deposition* at p. 15, lines 10-15.

The Plaintiff's property at 11 Newport Street was one of several un-remedied no heart calls which John Dorsey visited on December 27, 2000. Exhibit F, *John Dorsey's deposition* at p. 12 line 15 - p. 13, line 7; p. 14, line 21 - p. 15, line 2.

No heat calls receive are closely monitored by ISD because of the danger posed to the tenants. Exhibit F, *John Dorsey's deposition* at p. 14 lines 6—16.

A Boston Globe article dated March 10, 2001, contained no inaccurate statements, and is not a part of the Plaintiff's libel or slander claims. *Plaintiff's deposition* at p. 189, lines 9-14.

Facts Relating to the Plaintiff's Damages:

The Plaintiff was long ago diagnosed with post traumatic stress disorder, depression, hypertension, and migraine headaches as a result of events surrounding his 1986 termination and subsequent litigation, distress which was so severe that it contributed to his being unable to work for ten years. (Exhibit A, *Plaintiff's deposition* at p. 46, lines 2- p. 47, line 1; p. 195, lines 12-16).

These symptoms have never resolved since they first appeared. (Exhibit A, *Plaintiff's deposition* at p. 48, line 12- p. 49, line 4.

The Plaintiff concedes that he has had no additional treatment solely as a result of the events which form the basis of this lawsuit. (Exhibit A, *Plaintiff's deposition* at p. 196, line 21 - p. 197, line 10)

The Plaintiff can identify no specific individual person who ever said disparaging things to him as a result of the newspaper articles, or of any person who said or did anything which he believes was related to their having read the articles (Exhibit A, *Plaintiff's deposition* at p. 193, line 12 - p. 194, line 21)

the Plaintiff can identify no jobs for which he has applied and been turned down for reasons related to the allegedly libelous and slanderous statements. (Exhibit A, *Plaintiff's deposition* at p. 198, line 24 - p. 199, line 19)

6

WHEREFORE, the City of Boston hereby moves this Honorable Court for dismissal by summary judgment of all counts of the Plaintiff's Complaint remaining against it.

>Respectfully submitted,
>DEFENDANTS, CITY OF BOSTON, and
>KEVIN JOYCE
>
>Merita A. Hopkins
>Corporation Counsel
>
>By their attorney:
>
>_____
>James M. Chernetsky
>Assistant Corporation Counsel
>City of Boston Law Department
>Room 615, City Hall
>Boston, MA 02201
>(617) 635-4048
>BBO# 638152