UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 03-10062-DPW

Lincoln Smith
                         Plaintiff,

v.

City of Boston, Boston Inspectional Services
and   Kevin   Joyce   (As   Commissioner,
Department of Inspectional Services, and
Individually),
                         Defendants

# PLAINTIFF'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Now comes the Plaintiff, Lincoln Smith and respectfully submits his Responses to the Defendant's First Set of Interrogatories ("the Request") Propounded by the Defendant, subject to the following General Objections and all other applicable objections, reserved to the time of trial.

## GENERAL OBJECTIONS

The Plaintiff hereby objects to the above Request to the extent that the Request seeks information and/or materials that are inadmissible, irrelevant, immaterial, and/or unnecessary to the prosecution or defense of the above-referenced action.

The Plaintiff further objects to the Request to the extent that the Request violates, vitiates and/or infringes upon any and all legal privileges or privileged communications, including the attorney-client privilege, the physician-patient privilege, and/or all other applicable privileges.

To the extent that the Request seeks information or materials which were prepared in anticipation of litigation and/or are attorney work product, the Plaintiff respectfully objects and reserves all such objections up to and including the time of trial.

The Plaintiff objects to the Request on the grounds that it is overbroad, overly burdensome, not properly limited as to time, and seek information, which is inadmissible at trial, and/or not reasonable calculated to lead to the discovery of admissible evidence.

Any and all Responses and/or documents produced by the Plaintiff are subject to the above objections and all other applicable objections, including form and/or substantive objections, which are hereby reserved up to, and including the time of trial. The Plaintiff reserves the right to continue any and all objections to the Request and/or other discovery requests, up to and including the time of trial.

The Plaintiff hereby responds to the Requests subject to all pertinent objections, including those listed above.

**Interrogatory No. 1**

Please state your full name, address, marital status, date of birth, and social security number.

**Answer:**   Lincoln E. Smith, 6 Willis Street, Dorchester, Massachusetts 02125

**Interrogatory No. 2**

Please indicate whether you have been a Plaintiff or Defendant in any other civil lawsuits and, if so, indicate the state, county, case name and docket number of such lawsuits.

**Answer:**
- **a.** Plaintiff, Massachusetts, Suffolk County, Smith v. City of Boston, No. 94-P-1055.
- **b.** Plaintiff, Massachusetts, Suffolk County, Smith v. Consalvo & another, No. 93-P-195.
- **c.** Plaintiff, Massachusetts, Suffolk County, Smith v. CU Homeland Insurance Company, No. 215125
- **d.** Defendant, Huber & Lacy v. Smith, Boston Housing Court.
- **e.** Plaintiff, Smith v. Huber, Boston Housing Court
- **f.** Plaintiff and Defendant in Housing Court. Many times because of ISD inspections.
- **g.** Defendant, Inspectional Services v. Smith, Boston Housing Court, No. 01-PC-00111

**h.** Plaintiff, Williams v. Smith, Boston Housing Court, Civil Action No. 01-CV-00278

**Interrogatory No. 3**

Please identify the repairman and/or contractor described in paragraphs nine and ten of Plaintiff's Complaint (including the individual(s)' names, business addresses, and relationship(s) to the Plaintiff).

**Answer:**   Mr. Francis Grant, Comfort Heating Company, 11 Jersey Avenue Braintree, Massachusetts 02184, licensed plumber and gas fitter.

**Interrogatory No. 4**

Please provide the date of inspection and certification of the condition of the property as described in paragraph twelve of the Plaintiff's Complaint.

**Answer:**   February 6, 2000

**Interrogatory No. 5**

Please identify the witness (es) who heard Defendant Joyce make the statements attributed to him in paragraphs eleven and fifteen of the Plaintiff's Complaint (including the individuals' names and addresses).

**Answer:** Lincoln Smith, 6 Willis Street, Dorchester, Massachusetts 02125, Francis Grant, Comfort Heating and employees and Joyce's Plumbing Inspector and other employees that were on the scene.

**Interrogatory No. 6**

Please identify the individual who allegedly told the Plaintiff that "all activity and contact was through Defendant Joyce," as described in paragraph eighteen of the Plaintiff's Complaint.

**Answer:**   Evangeline Davis

**Interrogatory No. 7**

Please set forth in full and complete detail the factual basis for the allegation in paragraph fourteen of the Plaintiff's Complaint that claims against the Plaintiff were manufactured in furtherance of a campaign to publicly humiliate and embarrass the Plaintiff and to drive the Plaintiff out of business.

**Answer:**      The defendants falsified documents, refused to clear Mr. Smith of minor violations despite the fact they were remedied and gave no explanation as to what the status of those violations were; the defendants knowingly provided false information to the press, required that all communications surrounding Mr. Smith go through Mr. Joyce's office, and openly threatened to discriminate against Mr. Smith. Furthermore, the City of Boston included Mr. Smith on the 1998 list of worst landlords and the plaintiff was wrongfully the target of an excessive amount of inspections intended only to be retaliatory and harassing in nature.

**Interrogatory No. 8**

Please set forth in full and complete detail the factual basis for the allegation in paragraph twenty of the Complaint that the Plaintiff was placed on a list of Worst Landlords in Boston.

**Answer:** The defendants created this list and baselessly included Mr. Smith on the list. Then the defendants in 1998 provided this list to the Boston Globe and Boston Herald for them to print and they did in fact print the list. The Boston Sunday Globe printed the list on July 26, 1998. In addition, based upon information provided by the defendants, it was printed in the Boston Globe on February 24, 2001 and December 29, 2001 and in the Boston Herald on March 10, 2001 that Mr. Smith was cited as one of the worst landlords in 1998.

**Interrogatory No. 9**

Please set forth in full and complete detail the factual basis for the allegations contained in paragraph twenty-one of the Plaintiff's Complaint that there is or was a pattern or practice of harassment, discrimination and retaliatory treatment of the Plaintiff.

**Answer:** See response to Interrogatory # 7

**Interrogatory No. 10**

Please describe previous harassment, discrimination or mistreatment, if any, which the Plaintiff endured from the Defendants prior to December of 1999.

**Answer:** See response to Interrogatories # 7 and # 8.

**Interrogatory No. 11**

Please identify the slanderous statements, which you allege defamed the Plaintiff's character. In doing so, please specify:

      (a)     the date and content of the allegedly false statements;

**Answer:** These statements were printed on December 29, 2000.

The content of statements are as follows:

    **a.** Mr. Smith left his 73-year-old tenant without heat for five days over the icy holiday weekend.

    **b.** Mr. Smith ignored the problem with the heat until City Officials threatened to condemn his building.

    **c.** The tenant's furnace had not been cleaned out in two years.

    **d.** Smith was cited as one of the city's worst landlords in 1998.

    **e.** Smith waited far too long before ordering and installing a new furnace.

    **f.** In 1998, he was cited for maintenance violations and failed to show up at his trial in Housing Court until his name appeared on a priority list of 48 landlords with outstanding warrants.

    **g.** On March 10, 2001 the statements were printed that Mr. Smith was cited as one of the city's worst landlords in 1998.

    **h.** On July 26, 1998, the worst landlord list was printed in the Boston Sunday Globe and Lincoln Smith's name was listed

    **i.** On July 26, 1998, Boston Sunday Globe, He failed to show up at his March trial in Housing Court, located across the street from City Hall, where he works.

    **j.** On July 26, 1998, Boston Sunday Globe, This week, after his name appeared on a priority list of 48 landlords with outstanding warrants, Smith showed up in court.

    **k.** On February 24, 2001, the Boston Globe, Did not appear at his trial in Housing Court until he showed up on a list of 48 landlords with outstanding warrants.

    **l.** On February 24, 2001, the Boston Globe, Spokesman John Dorsey said inspectors went back to the house three days ago to check on another violation, which had been fixed, and found that William's hot water was still not restored.

    **(b)** the identity of any and all parties to whom these allegedly false statements were communicated; and,

**Answer:** Amber Bollman of the Boston Globe and Karen Crummy of the Boston Herald, It is unknown who the author of the July 26, 1998 story is, Katherine Zezima of the Boston Globe.

    **(c)** any damages allegedly resulting from such communication.

**Answer:** Extreme emotional injuries, embarrassment, damage to his professional reputation and humiliation, time in which the apartments were not rented and a lesser amount in which the apartments were rented for.

**Interrogatory No. 12**

Please identify the Defendants' allegedly libelous expressions in certain fixed media, as described in paragraph thirty-two of the Plaintiff's Complaint. In doing so, please identify and describe:

      (a)    the date and content of the allegedly false statements;

**Answer:**    The inclusion of Mr. Smith in the 1998 list of the worst landlords.

      (b)    the publisher, date and author of each such publication; and,

**Answer:** Boston Globe, December 29, 2000, Amber Bollman, Boston Herald, March 10, 2001, Karen E. Crummy, The Boston Sunday Globe, July 26, 1998, Author Unknown, February 24, 2001, Boston Globe, Katherine Zezima, Boston Inspectional Services in 1998.

      (c)    any damage to t he P laintiff a llegedly r esulting f rom p ublication o f t hese statements.

**Answer:** Extreme emotional injuries, embarrassment, damage to his professional reputation and humiliation, time in which the apartments were not rented and a lesser amount in which the apartments were rented for.

**Interrogatory No. 13**

Please describe in detail the amount of, and basis for, any monetary damages claimed, and also describe in full detail the personal damages claimed in paragraph twenty-two of the Plaintiff's Complaint.

**Answer:** Extreme emotional injuries, embarrassment, damage to his professional reputation and humiliation, time in which the apartments were not rented and a lesser amount in which the apartments were rented for.

**Interrogatory No. 14**

If you consulted or were examined or treated by any physician or physicians as a result of events described in the Complaint, please state the number of such consultations, examinations and/or treatments, the nature of the same in detail, and the names and addressees of such physicians.

**Answer:** Jacqueline Wolf, M.D., Deaconess Hospital, Nancy Keating, M.D. Brigham and Women's Hospital and John Mooney, M.D. Deaconess Hospital. The Plaintiff will supplement this response.

**Interrogatory No. 15**

Please set forth in full and complete detail the conduct of Defendant Joyce or any other employee of the City of Boston, which caused emotional distress to the Plaintiff, including a description of the Plaintiff's emotional damages and the physical manifestations thereof, if any.

**Answer:** See response to Interrogatories # 7 and # 8.

**Interrogatory No. 16**

Please set forth in full and complete detail all statements, communications or conversations by or between you, or anyone on your behalf, and the City of Boston or any of its employees, officers or agents relative to the occurrences set forth in your Complaint and provide the dates and the identity of all persons present on each such occasion.

**Answer:** The plaintiff objects to this response as being overbroad, unduly burdensome and vague to the extent that the request requires a response that seeks information prior to the incident at Newport Street. The plaintiff further objects to the interrogatory on the grounds that is not limited to time and scope. Without waiving the foregoing objection the plaintiff provides the following information:

**a.** December 23, 2000 - Mr. Smith phoned Steve O'Donnell about the broken furnace and asked if space heaters could be used to remedy the problem on a short-term basis.

**b.** December 23, 2000- After the tenant refused the space heaters, Mr. Smith called Mr. O'Donnell once again. Mr. Smith told him the tenant refused the space heaters and Mr. O'Donnell told him there was nothing he could do.

**c.** December 23, 2000- Mr. Smith called the Mayor's 24-Hour Hotline and Inspector Meany called back around midnight. Inspector Meany had already spoken to Mr. O'Donnell. He informed Mr. Smith there was nothing that could done and that he would pass his concerns onto ISD.

**d.** December 27, 2000- Mr. Smith's contractor told Mr. Smith that the furnace had to be replaced and Mr. Joyce insisted on trying to install the broken furnace. The contractor told him that the furnace has a cracked heat exchanger and if it were started up, it would send carbon monoxide throughout the house. Joyce then asked his plumbing inspector if this was true and his inspector confirmed this. Joyce then ordered his repairmen out of the basement. He then told Smith that he would pay for Mr. Joyce's contractor. Mr. Smith stated that he would not because he already had a contract to install the heater. Joyce stated that Mr. Smith would pay for the contractor and he ordered his inspectors to go through the building with a fine toothcomb and to write up every violation they could find. Joyce threatened that he was going to treat Mr. Smith like he treated Clifford Davis.

e. December 28, 2000- Boston Inspectional Services Department served Notices of Violation on Mr. Smith.

f. Mr. Smith wrote to ISD by certified mail on January 5, 2001 and January 26, 2001 asking ISD to identify the outstanding violations. See Exhibits 1 and 2. Mr. Smith received a letter on February 5, 2001 from Acting Commissioner of Housing Paul Curran stating that some violations were closed while others are and criminal complaints will be sworn out.

g. On October 25, 2001, Mr. Smith's counsel sent the defendants a presentment letter. See Exhibit 3.

h. Date Unknown- Mr. Smith inquired about the pre-inspection certificates for units two and three of 11 Newport Street, Dorchester, Massachusetts 02118.

i. On August 21, 2002, Mr. Dion Irish wrote Mr. Smith.  See Exhibit 4.

j. October 3, 2002 Mr. Smith wrote Mr. Irish.  See Exhibit 5.

k. On or about December 2002/January 2003 Mr. Smith had conversations with Ms. Julie Fothergil about what the City and Defendant Joyce were doing to the plaintiff.

l. See Exhibits 2 and 5 of the Plaintiff's Second Supplemental Responses to Production of Documents.

**Interrogatory No. 17**

Please set forth in full and complete detail the threats, intimidation or coercion, if any, by which the Plaintiff alleges that the Defendants interfered with his civil rights.

**Answer:**      Mr. Smith objects to this interrogatory as seeking information protected by the attorney/client privilege and the attorney work product doctrine.  Furthermore, this question calls for legal conclusion, which requires no response.   The objections notwithstanding see response to Interrogatories # 7 and # 8.

**Interrogatory No. 18**

Please set forth in full and complete detail the basis for your claim, if any, that the Defendant City of Boston promulgated a policy that derived the Plaintiff of his constitutional rights.

**Answer:**      Mr. Smith objects to this interrogatory as seeking information protected by the attorney/client privilege and the attorney work product doctrine.  Furthermore, this question calls for legal conclusion, which requires no response. The objections notwithstanding see response to Interrogatories # 7 and # 8.

**Interrogatory No. 19**

Please list the names, home addresses, business addresses, and relationship to you of all witnesses and/or persons having knowledge of the events described in your Complaint, aside from those already identified in response to previous interrogatories above.

**Answer:**

a. John Dorsey, Boston Inspectional Services Department, Spokesman for ISD

b. Julie B. Fothergill, Vermont League of Cities and Towns, Former Director of Policy and Planning for Boston Inspectional Services.

c. Anthony F. Papillo, Legal Department, Boston Inspectional Services Department.

d. Robert Conlon, Inspector, Boston Inspectional Services Department.

e. Joshua Hanlon, Inspector, Boston Inspectional Services Department.

f. Palmira Williams, Address Unknown, Former Tenant.

g. Carlos Lima, Address Unknown, Former Tenant.

h. Robert Mitchell, Affordable Plumbing 346 Washington Street, Braintree, Massachusetts, Licensed Plumber.

i. Francis Grant, Comfort Heating, Braintree- Contractor

j. Kevin Joyce, defendant, ISD

k. Steve O' Donnell, ISD

l. Inspector Meany, ISD

m. Thomas M. Menino, Mayor

n. Skip Schloming, Small Property Owners Association, P.O. Box 398115, Cambridge, Massachusetts

o. Toney Jones, Inspector, ISD

p. Shawn Croke, ISD

q. Paul Nally, ISD

As to objections,

**Mark T. Stopa**, (BBO# 560264)
**George F. Ohlson, Jr.**, (BBO# 655761)
STOPA & ASSOCIATES, LLC
36 Mechanic Street, Suite 208
Foxboro, Massachusetts 02035
508-543-0600

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY
THIS 27th DAY OF January , 2004.

Lincoln E. Smith
Lincoln Smith